**UNITED STATES of America,**
**Plaintiff—Appellee,**

**v.**

**Jose Alejandro ARAIZA–SOTOMAYOR,**
**aka Jose Araiza, aka Jose Araiza–**
**Soto, Defendant—Appellant.**

**No. 04–10035.**

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 9, 2005.\*

Decided Aug. 17, 2005.

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

810

David Paul Flannigan, Esq., Nathan D. Leonardo, Esq., USTU—Office of The U.S. Attorney, Evo A. Deconcini Tucson, AZ, for Plaintiff–Appellee.

Benjamin W. Aguilera, Tucson, AZ, for Defendant–Appellant.

Before: PREGERSON, KLEINFELD, and HAWKINS, Circuit Judges.

MEMORANDUM **

Jose Alejandro Araiza–Sotomayor ("Araiza") appeals his conviction for conspiracy to possess with intent to distribute and possession of marijuana for distribution. We affirm the convictions, and grant a limited remand under *United States v. Ameline,* 409 F.3d 1073 (9th Cir.2005) (en banc).

The district court did not err in admitting evidence seized from the search of the stash house. Araiza testified at trial that he told police officers that he had been renting the house for about a week with his girlfriend, and gave permission for the officers to enter. Thus, even if the written consent form was ambiguous, Araiza clearly consented to the search. Furthermore, Araiza waived his suppression claim. A motion to suppress evidence must be made before trial; otherwise, it is waived (though the court may grant relief for good cause shown). Fed.R.Crim.P. 12(b)(3)(C), (e); *United States v. Murillo,* 288 F.3d 1126, 1135 (9th Cir.2002); *United States v. Wright,* 215 F.3d 1020, 1026 (9th Cir.2000). Araiza's counsel explicitly stated at trial that he would not pursue a suppression motion. Given all indications that the search was voluntary, and that trial counsel was aware of grounds for a suppression motion and deliberately chose not to file such a motion, there appears no good cause to suppress the search.

The district court did not err in finding the prosecutor's four peremptory strikes of

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Hispanic jurors to be permissible and non-discriminatory under *Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). "Because the government advanced race-neutral reasons for striking [these jurors], and because there is no reason to believe that the trial judge committed clear error in overruling [Araiza's] Batson objection, we defer to the trial judge's ruling." *Murillo,* 288 F.3d at 1136–37.

■ The evidence was sufficient to convict Araiza because "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) (emphasis in original). Araiza was identified as one of two men buying large quantities of contractor shrink wrap (associated with the packaging of narcotics), which he unloaded into the master bedroom of the nearly empty stash house (with 550 pounds of marijuana). Araiza was entrusted to stay at the house with a gun, "just in case," and knew there had been a marijuana delivery to the house. Moreover, he periodically went outside of the house to smoke, look around, and return inside during a two-hour surveillance, consistent with the job of a lookout.

The district court did not err in finding Araiza ineligible for the safety valve, U.S.S.G. § 5C1.2. However, Araiza's sentence was enhanced based on a judicial finding by a preponderance of the evidence. Therefore, we grant a limited remand under *United States v. Ameline,* 409 F.3d 1073 (9th Cir.2005) (en banc).

AFFIRMED and REMANDED.